**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and

accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what the government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On March 10, 2026, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following public records:

> Please provide a copy of the Memorandum of Understanding between the FBI and an unidentified agency that appears in a footnote on page 87 of an opinion by Judge Rosemary Collyer filed on April 26, 2017 in that attached file. [Included as attachment the April 26, 2017 opinion of Judge Rosemary Collyer.]

The request was submitted via the FBI's online FOIA portal, and accordingly, it was received the same day it was sent.  Plaintiff also requested expedited processing for the requested record.

6.      The FBI acknowledged receipt of Plaintiff's request by letter dated March 13, 2026, and advised Plaintiff that the request had been assigned FOIPA Request No. 1726448-000.

7.      By another letter dated March 13, 2026, the FBI denied Plaintiff's request for expedited processing.

8.      Plaintiff has received no further communication from the FBI regarding the request.

9.      As of the date of this Complaint, Defendant has failed to (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reason therefore; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

13. Plaintiff has no adequate remedy at law.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request on or about April 7, 2026, at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

//

Dated: July 8, 2026

Respectfully submitted,

*/s/ Kara M. Davis*
Kara M. Davis
D.C. Bar No. 90034377
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: kdavis@judicialwatch.org

*Counsel for Plaintiff*