UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

*Plaintiff,*

v.                                                            Civil Action No. 26-2407-TNM

U.S. DEPARTMENT OF JUSTICE,

*Defendant*.

## ANSWER

Defendant, the Department of Justice ("DOJ"), hereby answers Plaintiffs' Complaint, ECF No. 1. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

### JURISDICTION AND VENUE[1]

1.      The allegations contained in Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C.§ 552(a)(4)(B).

2.      The allegations contained in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

3.      Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 3.

4.      Defendant Department of Justice only admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 950 Pennsylvania Avenue NW, Washington, D.C. 20530. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**STATEMENT OF FACTS**

5.      Defendant admits that the Federal Bureau of Investigation ("FBI") received a Freedom of Information Act ("FOIA") request from Plaintiff, dated March 10, 2026, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

6.      Defendant admits that the FBI assigned Plaintiff's FOIA Request No. 1726448-000, and sent Plaintiff a letter dated March 13, 2026, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents.

7.      Defendant admits that the FBI denied Plaintiff's request for expedited processing and sent Plaintiff a letter dated March 13, 2026. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents.

8.      Defendant admits it sent Plaintiff no further correspondence.

9.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that as of the date that the Complaint was filed, Defendant had not provided any responsive, non-exempt, reasonably segregable portions of records requested by Plaintiff. Defendant denies the remaining allegations of this paragraph.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

10.     Defendant incorporates its responses to paragraphs 1–9 as if set forth fully herein.

11.     The allegation contained in paragraph 11 is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegation in paragraph 11.

12.     The allegations contained in paragraph 12 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 12.

13.     The allegation contained in paragraph 13 is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegation in paragraph 13.

14.     The allegations contained in paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 14.

**REQUESTED RELIEF**

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

3

**DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**FIRST DEFENSE**

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

**SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA or any other federal law.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to relief beyond what is provided for under the FOIA.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

Dated: August 10, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
     Zachariah (Zack) Weston Lindsey

4

Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*